UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Laurence Robert Otto,

        Plaintiff,

                                    REPORT AND RECOMMENDATION

   vs.

Stuart Burgmann, Agent of the
Internal Revenue Service; and
Dennis L. Parizak, Agent for the
Internal Revenue Service

        Defendants.        Civ. No. 04-3369 (RHK/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I. <u>Introduction</u>

This matter came before the undersigned United States Magistrate Judge pursuant to a special assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Plaintiff's Motion for a Default Judgment. For the purposes of this Motion, the Plaintiff appears <u>pro se</u>, and no appearance has been made by, or on behalf of, the Defendants.

For the reasons which follow, we recommend that Plaintiff's Motion for a Default Judgment be denied, but without prejudice, and that the Plaintiff be allowed

until September 15, 2005, by which to properly serve the Defendants with a Summons and Complaint, as is required by Rule 4(i), Federal Rules of Civil Procedure.

## II. <u>Discussion</u>

The Plaintiff commenced this action on July 23, 2004, by filing a Complaint with the Clerk of Court.   On November 1, 2004, a Return of Service was filed, which disclosed that, on August 3, 2005, the Plaintiff transmitted a copy of the Summons and Complaint, via certified mail, to the "Department of Treasury, Internal Revenue Service, Agents Stuart Burgmann, and Dennis L. Parizek," and that the Department of Treasury received the mailing on August 9, 2004.   When the Defendants had not responded to the Plaintiff's Complaint by November 15, 2004, the Plaintiff filed the pending Motion for a Default Judgment.

"To enter a default judgment, a court must have jurisdiction over the defaulting party, and the defendant must have been made party to the action by proper service of process." <u>United States v. Woods</u>, 2004 WL 790332, at *3 (D. Minn., March 31, 2004); see also,  <u>Printed Media Services, Inc. v. Solna Web, Inc.</u>, 11 F.3d 838, 843 (8th Cir. 1993)("If a defendant is improperly served, a federal court lacks jurisdiction over the defendant."); <u>Dodco, Inc. v. American Bonding Co.</u>, 7 F.3d 1387, 1388 (8th Cir. 1993)(same); <u>Sieg v. Karnes</u>, 693 F.2d 803, 807 (8th Cir. 1982); see also, <u>Norysn</u>

2

v. Dasai, 351 F.3d 825, 829 (8th Cir. 2003)("Defendants could not have been held in default for failure to answer until properly served by [the plaintiffs].").  Service of process for officers, and employees of the United States Government, is governed by Rule 4(i), Federal Rules of Civil Procedure, which provides as follows:

(1)    Service upon the United States shall be effected

(A)    by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and

(B)    by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and

(C)    in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to the officer or agency.

(2)(A)    Service on an agency or corporation of the United States, or an officer or employee of the United States sued only in an official capacity, is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by also sending a copy of the summons and

3

complaint by registered or certified mail to the officer, employee, agency, or corporation.

**(B)**     Service on an officer or employee of the United States sued in an individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States--whether or not the officer or employee is sued also in an official capacity--is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by serving the officer or employee in the manner prescribed by Rule 4 (e), (f), or (g).

**(3)**     The court shall allow a reasonable time to serve process under Rule 4(i) for the purpose of curing the failure to serve:

**(A)**     all persons required to be served in an action governed by Rule 4(i)(2)(A), if the plaintiff has served either the United States attorney or the Attorney General of the United States, or

**(B)**     the United States in an action governed by Rule 4(i)(2)(B), if the plaintiff has served an officer or employee of the United States sued in an individual capacity.

Based on the Record before us, the Plaintiff has failed to establish that the Defendants were properly served with process, since the only entity which is identified as having been sent or having received a copy of the Summons and Complaint, is the Department of the Treasury.  Notably absent is any showing that the Plaintiff sent a copy of the Summons and Complaint to the United States Attorney for the District of

4

Minnesota, or the United States Attorney General, as is required by Rule 4(i).  Thus, we do not have personal jurisdiction over the Defendants, and accordingly, we recommend that the Plaintiff's Motion for a Default Judgment be denied.  However, as the Plaintiff may be able to establish that proper service of process was effected, we recommend that the Motion be denied without prejudice.

Having concluded that a showing of proper service is absent from this Record, it certainly appears that one hundred and twenty (120) days have passed without the Defendants being served with a Complaint and Summons as required by Rule 4(m), Federal Rules of Civil Procedure.  While it is possible that, under Rule 4(i)(2)(B), the Plaintiff would be entitled to a reasonable time to cure his failed attempt at service, the largely unintelligible allegations of his Complaint render it impossible to determine whether the Plaintiff is subject to such a protection.  In any event, we are satisfied that the Plaintiff, who is proceeding pro se, should be afforded a second opportunity to serve the Defendants with process in a manner that complies with Rule 4(i).  Accordingly, we recommend that the Plaintiff be allowed until September 15, 2005, by which to effect proper service on the Defendants, and provide proof of such service to the Court in a form consistent with  Rule 4(l), Federal Rules of Civil Procedure.

5

It is also necessary to appraise the Plaintiff that the failure to serve the Defendants, in a manner consistent with this Report and Recommendation, could result in a recommendation of dismissal, without prejudice, for the failure to prosecute his action. However, we reserve any such recommendation until such time as the Plaintiff has had an opportunity to comply with the requirements of this Report and Recommendation, or show good cause to the contrary.

NOW, THEREFORE, It is –

RECOMMENDED:

1. That the Plaintiff's Motion for a Default Judgment [Docket No. 3] be denied, but without prejudice.

2. That the Plaintiff be allowed until September 15, 2005, to effect service of process on the Defendants.

Dated:  August 2, 2005         s/Raymond L. Erickson
                                        Raymond L. Erickson
                                        UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by

6

filing with the Clerk of Court, and by serving upon all parties **by no later than August 19, 2005,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than August 19, 2005,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.