UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Laurence Robert Otto,

        Plaintiff,

vs.                        REPORT AND RECOMMENDATION

Stuart Burgmann, Agent of the
Internal Revenue Service; and
Dennis L. Parizak, Agent for the
Internal Revenue Service

        Defendants.        Civ. No. 04-3369 (RHK/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter came before the undersigned United States Magistrate Judge upon the routine supervision of cases filed in this Division, and upon an assignment made in accordance with Title 28 U.S.C. §636(b)(1)(B).

The Plaintiff commenced this action on July 23, 2004, by filing a Complaint with the Clerk of Court. On November 1, 2004, a Return of Service was filed, which disclosed that, on August 3, 2005, the Plaintiff transmitted a copy of the Summons and Complaint, via certified mail, to the "Department of Treasury, Internal Revenue Service, Agents Stuart Burgmann, and Dennis L. Parizek," and that the Department of

Treasury received that mailing on August 9, 2004. When the Defendants had not responded to the Plaintiff's Complaint by November 15, 2004, the Plaintiff filed a Motion for a Default Judgment.

By Order, dated August 26, 2005, the District Court adopted the Report and Recommendation of the undersigned, and denied the Plaintiff's Motion for Default Judgment, but without prejudice, upon a finding that the Plaintiff had failed to effect proper service of process. The Order also directed the Plaintiff to effect proper service by no later than September 15, 2005.

In our Report and Recommendation we advised the Plaintiff of the consequences of failing to abide by Orders of the Court, providing as follows:

> It is also necessary to appraise the Plaintiff that the failure to serve the Defendants, in a manner consistent with this Report and Recommendation, could result in a recommendation of dismissal, without prejudice, for the failure to prosecute his action. However, we reserve any such recommendation until such time as the Plaintiff has had an opportunity to comply with the requirements of this Report and Recommendation, or show good cause to the contrary.

It appears that the Plaintiff has failed to abide by the terms of the Order of the District Court, dated August 26, 2005, in that he has failed to effect adequate service of process within the time constraints provided by Rule 4(m), Federal Rules of Civil

Procedure, and the Court's Order. Since we have previously warned the Plaintiff of the potential consequences for failing to timely serve the Defendants, and to abide by the Orders of this Court, we recommend that this action be dismissed, for failure to comply with this Court's Order of August 26, 2005, for failure to effect proper service, and for lack of prosecution.

NOW, THEREFORE, It is --

RECOMMENDED:

That this action be dismissed for failure to comply with this Court's Order of August 26, 2005, for failure to effect proper service, and for lack of prosecution.

Dated: September 20, 2005          s/Raymond L. Erickson
                                   Raymond L. Erickson
                                   UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than October 7, 2005,** a writing which specifically identifies those portions of the Report

to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than October 7, 2005,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.